UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In the matter of the complaint of MICHELE A. :
D'ANCONA, *as Executrix of the Estate of Peter* :
*Rocco D'Ancona and Talkin' Trash, bearing NY* :
*7257 GY*, :                                                       **REPORT AND RECOMMENDATION**
: 19 Civ. 5492 (EK) (VMS)
For Exoneration From Or Limitation Of Liability, :
:
Petitioner. :
:
-------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

  Before this Court on referral from the Honorable Eric R. Komitee, United States District Judge, is the motion of Petitioner Michele A. D'Ancona, as Executrix of the Estate of Peter Rocco D'Ancona and Talkin' Trash, bearing NY 7257G4 (hereinafter "Petitioner") for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") for exoneration by default against any non-appearing parties and non-asserted claims. See ECF No. 49.

  For the following reasons, this Court respectfully recommends that Petitioner's motion for entry of a default judgment be granted.

  **I.**  **Relevant Background**

  The Court assumes the parties' familiarity with the underlying facts and recounts only those facts pertinent to resolving the instant motion.[1]  On or about July 1, 2018, Peter Rocco D'Ancona and Clemendina Sgambati died as a result of carbon monoxide poisoning while

---

[1] A detailed recitation of the background of this matter and the related actions may be found in this Court's Memorandum and Order dated August 28, 2020, at ECF No. 38.

1

aboard the vessel "Talkin' Trash" (hereinafter "the Vessel") docked in Slip 4 at the Cherry Grove Dock District in Cherry Grove, Fire Island (hereinafter referred to as "the Incident").  See Complaint, ECF No. 1 ¶¶ 4, 6-7, 10-11.  Petitioner filed its own suit arising out of the Incident against various parties beginning on or about January 14, 2019, and the Sgambati Estate filed suit against Petitioner and other defendants on or about August 8, 2019.  See Memorandum and Order dated August 28, 2020, ECF No. 38 at 1.  Thereafter, on or about September 27, 2019, Petitioner timely filed this Complaint for Exoneration from or Limitation of Liability in accordance with 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules.  See Complaint at ECF No. 1.  On August 28, 2020, this Court entered, inter alia, an Order directing the Clerk of Court to issue Notice to all persons asserting claims against the Petitioner and the Incident to file their respective claims with the Clerk of Court, in writing, on or before October 31, 2020 (the "Clerk's Notice").  See Order dated August 28, 2020, at ECF No. 38-1 (hereinafter "August 28 Order") at 3-4; Clerk's Notice at ECF No. 39.  The August 28 Order further required Petitioner to provide public notice of the Clerk's Notice through publication in Newsday, as provided by Supplemental Rule F.  See August 28 Order at ECF No. 38-1 at 4.  Petitioner published said notice in Newsday once a week for four consecutive weeks (September 25, October 2, October 9 and October 16, 2020), and, on September 25, 2020, mailed a copy of the Clerk's Notice to every person known to have made any claim against the Vessel or Petitioner arising or resulting from the Incident.  See Affidavit of Publication at ECF No. 43; Letters to Potential Claimants at ECF No. 47-1; Affidavit in Support of Request for Clerk's Certificate of Default at ECF No. 47-2 ¶ 4.

As of the October 31, 2020 deadline, only Town and Country Marina Corp., Vic's Marine East, Inc., and Anthony R. Sgambati, as Executor of the Estate of Clementine Sgambati

2

had filed claims.  See Claim and Answer of Town and Country Marina Corp. and Vic's Marina East, Inc., at ECF No. 41; Claim and Answer of Anthony R. Sgambati, as executor of the estate of Clemendina Sgambati a/k/a Tina Sgambati, at ECF No. 45; Dkt., generally.  As of the date of this Report and Recommendation, no other claimants have appeared. Dkt., generally.

Petitioner filed a request for a certificate of default.  See ECF No. 47.  Thereafter, the Clerk of the Court found that Petitioner had completed the requirements of the August 28 Order and Rule F(4) of the Supplemental Rules, and entered default "against all other parties having an interest in this matter as to all claims against either or both the Limitation Plaintiff or the Limitation Vessel arising from the Voyage, except the Claims asserted by Town and Country Marina Corp., Vic's Marine East, Inc. and Anthony R. Sgambati, as Executor of the Estate of Clemen[dina] Sgmabati." ECF No. 48.  Petitioner then filed the instant motion for entry of judgment of exoneration by default.  ECF 49.  By its motion, Petitioner seeks a declaration that the time for filing a claim or answer in this limitation action be closed and that any claims arising from the Incident and not filed by October 31, 2020, be precluded and foreclosed pursuant to 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules.

## II.  Discussion

### i.  Local Civil Rule 55.2(b)

As an initial matter, Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking default judgment "append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b).  Strictly speaking, Petitioner did not comply with Local Civil Rule 55.2(b) insofar as neither the certificate of default nor a copy of the claim were included with its moving papers.

See generally ECF Nos. 49, 50.  The court has "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001).  Courts have excused a movant's failure to strictly comply with the Local Civil Rules if a defendant received fair notice of the motion for default judgment.  See, e.g., Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C, & 15D, AFL-CIO v. Coastal Env't Grp. Inc., No. 18 Civ. 5791 (LDH) (SJB), 2019 WL 5693916, *3 n.7 (Aug. 30, 2019)), R&R adopted Docket Order (E.D.N.Y. Mar. 31, 2020); RLI Ins. Co. v. May Const. Co., No. 09 Civ. 7415 (PKC), 2011 WL 1197937, at *4 (S.D.N.Y. May. 22, 2011); In re Supreme Specialities, Inc., 330 B.R. 40, 47 (S.D.N.Y. 2005).  Here, any putative claimants received fair and adequate notice by publication pursuant to this Court's August 28 Order and by Petitioner's compliance with Rule F(4) of the Supplemental Rules, as discussed below.  This Court therefore respectfully recommends that any failure to comply with Local Rule 55.2 be overlooked.

    ii. **Limitation Action**

The procedure for a limitation action is found at Rule F(4) of the Supplemental Rules. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001).  Upon the Petitioner's timely filed complaint and approved security under Rule F(1),

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supplemental Rule F(4).  The statute of limitations governing actions for the

4

limitation of liability under Rule F is no later than six months after receipt of a claim in writing. See Fed. R. Civ. P. Supplemental Rule F(1); see also 46 U.S.C. § 30511(a).

Here, Petitioner timely filed this action within approximately two months of its receipt of the Sgambati claim and posted proper and adequate security. See Memorandum and Order dated August 28, 2020 at ECF 38 at 12-13; ECF 38-1, generally. Petitioner thus complied with the requirements of Rule F(4) based on its publication of the Clerk's Notice for four consecutive weeks in Newsday prior to the deadline for filing claims, as well as its mailing of the notice to every person known to have a claim against the vessel or Petitioner arising from the June 30-July 1, 2018 voyage. See ECF Nos. 43, 47-1, 47-2 ¶ 4. Petitioner concedes that Town and Country Marina Corp., Vic's Marine East, Inc., and Anthony R. Sgambati, as Executor of the Estate of Clemendina Sgambati have come forth and filed timely claims. See ECF No. 50 ¶ 4. No other claimants have answered or made a claim, timely or otherwise, as of the date of this Report and Recommendation. See Dkt., generally. Based on the aforementioned and Petitioner's compliance with all of the requirements of Supplemental Rule F, and in the absence of any other potential claimants beyond those noted above and conceded, this Court finds that Petitioner is entitled to entry of a default judgment in this action and exoneration against any other potential claimants. See, e.g., In re Nordin, 19 Civ. 25 (SJF) (AYS), 2019 WL 4696318, at *3 (default judgment and limitation entered against any potential claimants who had not filed claims by the deadline under Rule F) (citing Matter of Complaint of Wild Florida Airboats, LLC, No. 16 Civ. 2207 (GJK), 2017 WL 3891777, at * 3 (M.D. Fla. Aug. 29, 2017), R&R adopted 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) ("[I]n cases under [Supplemental Rule F], default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period,

provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims.")); Matter of S&W Marine, Inc., No. 16 Civ. 17645, 2017 WL 2955358, at *1 (E.D. La. Mar. 6, 2017) ("S&W Marine fulfilled its obligation to publish notice of the limitation proceeding once a week for four consecutive weeks . . . as required by Supplemental Rule F(4). . . . Accordingly, S&W Marine is entitled to a default judgment as to all . . . non-appearing claimants."); In re Narod, No. 13 Civ. 554, 2013 WL 3491088, at *3 (E.D.N.Y. July 10, 2013) (entering default and exoneration where petitioner complied with Rule F); In re X-Treme Parasail, Inc., No. 10 Civ. 711, 2011 WL 4572448, at *2 (D. Haw. Sept. 12, 2011) (recommending that petitioners in a limitation proceeding be granted default judgment as to any non-appearing claimants where they had complied with the notice and publication requirements of Rule F(4)), R&R adopted 2011 WL 4573803 (D. Haw. Sept. 29, 2011)).

### III. Conclusion

In light of the foregoing, this Court respectfully recommends that the District Court enter default judgment and exoneration against any claimants other than Town and Country Marina Corp., Vic's Marina East, Inc., and Anthony R. Sgambati, as Executor of the Estate of Clemendina Sgambati.

### IV.     Objections

A copy of this report and recommendation will be provided to the parties via ECF.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
         May 24, 2021

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge
